IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LABORERS' PENSION FUND, and LABORERS' WELFARE FUND OF THE HEALTH AND WELFARE DEPARTMENT OF THE CONSTRUCTION AND GENERAL LABORERS' DISTRICT COUNCIL OF CHICAGO AND VICINITY, and LABORERS' DISTRICT COUNCIL RETIREE HEALTH AND WELFARE FUND, and JAMES S. JORGENSEN, Administrator of the Funds,<br>Plaintiffs,<br>v.<br>U.S. CONSTRUCTION SERVICES INC., an Illinois corporation,<br>Defendant. | Case No. 17 C 6798<br><br>Judge |

## COMPLAINT

Plaintiffs, Laborers' Pension Fund, and Laborers' Welfare Fund of the Health and Welfare Department of the Construction and General Laborers' District Council of Chicago and Vicinity, and Laborers' District Council Retiree Health and Welfare Fund (collectively "Funds") and James S. Jorgensen (hereinafter "Jorgensen"), Administrator of the Funds, by their attorneys, Patrick T. Wallace, Jerrod Olszewski, Amy N. Carollo, Katherine Mosenson, Kelly Carson, and G. Ryan Liska, for their Complaint against Defendant U.S. Construction Services Inc., an Illinois corporation, state:

### COUNT I

**(Failure To Submit Delinquent Employee Benefit Contributions as Revealed by an Audit)**

1. Jurisdiction is based on Sections 502(e)(1) and (2) and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§1132 (e)(1) and

(2) and 1145, Section 301(a) of the Labor Management Relations Act ("LMRA") of 1947 as amended, 29 U.S.C. §185(a), 28 U.S.C. §1331, and federal common law.

2. Venue is proper pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. §1132(e)(2), and 28 U.S.C. §1391 (a) and (b).

3. The Funds are multiemployer benefit plans within the meanings of Sections 3(3) and 3(37) of ERISA. 29 U.S.C. §1002(3) and 37(A). They are established and maintained pursuant to their respective Agreements and Declarations of Trust in accordance with Section 302(c)(5) of the LMRA. 29 U.S.C. § 186(c)(5). The Funds have offices and conduct business within this District.

4. Plaintiff James S. Jorgensen ("Jorgensen") is the Administrator of the Funds, and has been duly authorized by the Funds' Trustees to act on behalf of the Funds in the collection of employer contributions owed to the Funds and to the Construction and General District Council of Chicago and Vicinity Training Fund, and with respect to the collection by the Funds of amounts which have been or are required to be withheld from the wages of employees in payment of Union dues for transmittal to the Construction and General Laborers' District Council of Chicago and Vicinity (the "Union"). With respect to such matters, Jorgensen is a fiduciary of the Funds within the meaning of Section 3(21)(A) of ERISA, 29 U.S.C. §1002(21)(A).

5. Defendant U.S. Construction Services Inc. (hereinafter the "Company") is an Illinois corporation. Company does business within this District, and was at all times relevant herein an employer within the meaning of Section 3(5) of ERISA, 29 U.S.C. §1002(5), and Section 301(a) of the LMRA, 29 U.S.C. §185(c)

2

6. The Union is a labor organization within the meaning of 29 U.S.C. §185(a). The Union and the Company have been parties to a collective bargaining agreement, which became effective June 1, 2013. ("Agreement"). (A copy of the Agreement entered into between the Union and the Company which Agreement adopts and incorporates Master Agreements between the Union and various employer associations, and also binds the Company to the Funds' respective Agreements and Declarations of Trust is attached hereto as Exhibit A.)

7. The Funds have been duly authorized to serve as collection agents for the Union in that the Funds have been given the authority to collect from employers union dues which should have been or have been deducted from the wages of covered employees. Further, the Funds have been duly authorized by the construction and General Laborers' District Council of Chicago and Vicinity Training Fund (the "Training Fund"), the Midwest Construction Industry Advancement Fund ("MCIAF"), the Chicagoland Construction Safety Council (the "Safety Fund"), the Laborers' Employers' Cooperation and Education Trust ("LECET"), the Concrete Contractors' Association ("CCA"), the CDCNI/CAWCC Contractors' Industry Advancement Fund (the "Wall & Ceiling Fund"), the CISCO Uniform Drug/Alcohol Abuse Program ("CISCO"), the Laborers' District Council Labor Management Committee Cooperative ("LDCMC"), and the Chicago Area Independent Construction Association ("CAICA") to act as an agent in the collection of contributions due to those funds.

8. The Agreement and the Funds' respective Agreements and Declarations of Trust obligate the Company to make contributions on behalf of its employees covered by the Agreement for pension benefits, health and welfare benefits, for the training fund and to submit monthly remittance reports in which the Company, *inter alia*, identifies the employees covered

under the Agreement and the amount of contributions to be remitted to the Funds on behalf of each covered employee. Pursuant to the terms of the Agreement and the Funds' respective Agreements and Declarations of Trust, contributions which are not submitted in a timely fashion are assessed 20 percent liquidated damages plus interest.

9. The Agreement and the Funds' respective Agreements and Declarations of Trust require the Company to submit its books and records to the Funds on demand for an audit to determine benefit contribution compliance.

10. Notwithstanding the obligations imposed by the Agreement and the Funds' respective Agreements and Declarations of Trust, Company performed covered work during the audit period of July 19, 2016 through February 28, 2017, (a true and accurate copy of the audit is attached hereto as Exhibit B) which revealed that Company has

    (a) failed to report and pay contributions in the amount of $3,991.65 owed to Plaintiff Laborers' Pension Fund for the audit period of July 19, 2016 through February 28, 2017, thereby depriving the Laborers' Pension Fund of contributions, income and information needed to administer the Fund and jeopardizing the pension benefits of the participants and beneficiaries;

    (b) failed to report and pay contributions in the amount of $3,443.10 owed to Plaintiff Laborers' Welfare Fund of the Health and Welfare Department of the Construction and General Laborers' District Council of Chicago and Vicinity for the period of July 19, 2016 through February 28, 2017, thereby depriving the Welfare Fund of contributions, income and information needed to administer the Fund and jeopardizing the health and welfare benefits of the participants and beneficiaries;

(c) failed to report and pay contributions in the amount of $1,466.25 owed to Plaintiff Laborers' District Council Retiree Health and Welfare Fund of the Construction and General Laborers' District Council of Chicago and Vicinity for the period of July 19, 2016 through February 28, 2017, thereby depriving the Welfare Fund of contributions, income and information needed to administer the Fund and jeopardizing the health and welfare benefits of the participants and beneficiaries

(d) failed to report and pay contributions in the amount of $172.50 owed to Laborers' Training Fund for the period of July 19, 2016 through February 28, 2017, thereby depriving the Laborers' Training Fund of contributions, income and information needed to administer the Fund and jeopardizing the training fund benefits of the participants and beneficiaries;

(e) failed to report and pay contributions in the amount of $85.85 owed to Laborers' District Council Labor Management Committee Cooperative ("LDCLMCC") for the audit period of July 19, 2016 through February 28, 2017, thereby depriving the LDCLMCC of contributions, income and information needed to administer the Fund and jeopardizing the benefits of the participants and beneficiaries;

(f) failed to report and pay contributions in the amount of $40.40 owed to Chicago Area Independent Construction Association ("CAICA") for the audit of July 19, 2016 through February 28, 2017, thereby depriving the CAICA of contributions, income and information needed to administer the Fund and jeopardizing the benefits of the participants and beneficiaries; and

(g) failed to report and pay contributions in the amount of $35.35

5

owed to Laborers' Employers' Cooperation and Education Trust ("LECET") for the audit of July 19, 2016 through February 28, 2017, thereby depriving the LECET of contributions, income and information needed to administer the Fund and jeopardizing the benefits of the participants and beneficiaries.

12. Under the terms of the Agreements and the Funds' respective Agreements and Declarations of Trust, Company owes liquidated damages plus interest on all unpaid contributions, and paid late contributions.

13. Under the terms of the Agreement and the Funds' respective Agreements and Declarations of Trust, Company is liable for the costs of any audit which reveals unpaid contributions. Accordingly, Company owes the Funds $600.00 in audit costs for the audit for the period of July 19, 2016 through February 28, 2017.

14. Company's actions in failing to submit payment upon an audit to which it submitted its books and records violate Section 515 of ERISA, 29 U.S.C. §1145.

15. Pursuant to Section 502(g)(2) of ERISA, 29 U.S.C. §1132 (g)(2), Section 301 of the LMRA, 29 U.S.C. §185, federal common law, the terms of the Agreement and the Funds' respective Trust Agreements, Company is liable to the Funds for delinquent contributions, liquidated damages, interest, audit costs, attorneys' fees and costs, and such other legal and equitable relief as the Court deems appropriate.

WHEREFORE, Plaintiffs respectfully request this Court enter a judgment against Defendant U.S. Construction Services Inc.:

    a. entering judgment in sum certain in favor of the Funds and against Company on the amounts due and owing pursuant to the audit for the period of July 19, 2016 through February 28,

2017, including contributions, interest, liquidated damages, audit costs, and Plaintiffs' reasonable attorneys' fees and costs; and

b. awarding Plaintiffs any further legal and equitable relief as the Court deems appropriate.

## COUNT II

### (Failure to Pay Union Dues as Revealed by an Audit)

16. Plaintiffs reallege paragraphs 1 through 15 as though fully set forth herein.

17. Pursuant to agreement, the Funds have been duly designated to serve as collection agents for the Union in that the Funds have been given the authority to collect from employers union dues which have been or should have been deducted from the wages of covered employees.

18. Notwithstanding the obligations imposed by the Agreement, Company performed covered work during the audit period and Company failed to withhold and/or submit payment of $761.29 in union dues that were or should have been withheld from the wages of employees for the period of July 19, 2016 through February 28, 2017, thereby depriving the Union of information and income. See Exhibit B.

19. Pursuant to the Agreement, Company owes liquidated damages on all late or unpaid dues. Accordingly, Company owes liquidated damages for the unpaid union dues revealed as due and owing on the audit, liquidated damages on the paid late union dues during the audit period, as well as audit costs, reasonable attorneys' fees and costs as the Union's collection agent, and such other legal and equitable relief as the Court deems appropriate. See Exhibit B-1.

20. Pursuant to the Agreement Company is liable to the Funds for any unpaid union dues

revealed by the audit as well as liquidated damages, audit costs, reasonable attorneys' fees and costs as the Union's collection agent, and such other legal and equitable relief as the Court deems appropriate

WHEREFORE, Plaintiffs respectfully request this Court enter a judgment against Defendant U.S. Construction Services Inc.:

    a.    entering judgment in sum certain in favor of the Funds and against Company on the amounts due and owing pursuant to the audit for the period of July 19, 2016 through February 28, 2017, including dues, liquidated damages, audit costs, and Plaintiffs' reasonable attorneys' fees and costs; and

    b.    awarding Plaintiffs any further legal and equitable relief as the Court deems appropriate.

September 20, 2017

Laborers' Pension Fund, et al.
By: /s/ Jerrod Olszewski
      Jerrod Olszewski

Jerrod Olszewski
Office of Fund Counsel
Laborers' Pension and Welfare Funds
111 W. Jackson Blvd., Suite 1415
Chicago, IL 60604
(312) 692-0051

# CONSTRUCTION & GENERAL LABORERS'
# DISTRICT COUNCIL OF CHICAGO AND VICINITY

AFFILIATED WITH THE LABORERS' INTERNATIONAL UNION OF NORTH AMERICA
999 McCLINTOCK DRIVE • SUITE 300 • BURR RIDGE, IL 60527 • PHONE: 630/655-8289 • FAX: 630/655-8853

## INDEPENDENT CONSTRUCTION INDUSTRY COLLECTIVE BARGAINING AGREEMENT

It is hereby stipulated and agreed by and between __U.S. Construction Services__ ("Employer") and the Construction and General Laborers' District Council of Chicago and Vicinity, Laborers' International Union of North America ("Union"), representing and encompassing its affiliated Local Unions, including Local Nos. 1, 2, 4, 5, 6, 25, 75, 76, 96, 118, 149, 152, 225, 269, 288, 582, 681, 1001, 1035, 1092, together with any other Local Unions that may come within its jurisdiction (the "Unions"), and encompassing the geographic areas of Cook, Lake, DuPage, Will, Grundy, Kendall, Kane, McHenry and Boone counties, Illinois, that:

1. Recognition. In response to the Union's request for recognition as the majority or Section 9(a) representative of the unit employees, the Employer recognizes the Union as the exclusive collective bargaining representative under Section 9(a) of the NLRA, as amended, for the employees now and hereinafter employed under the terms of this Agreement with respect to wages, hours and other terms and conditions of employment. This recognition is based on the Union's having shown, or having offered to show, evidence of its majority support. The Employer has not assigned its rights for purposes of collective bargaining with the Union to any person, entity or association, and hereby revokes its prior assignment of bargaining rights, if any. The Employer further voluntarily elects not to assign such bargaining rights to any person, entity or association without written approval from the Union. Notwithstanding the number of persons employed under this Agreement, the Employer shall abide by this Agreement, and all extensions hereof, and it waives any right it may have to terminate this agreement based upon the number of persons employed.

2. Labor Contract. The Employer affirms and adopts the applicable Collective Bargaining Agreement(s), as designated by the Union, between the Union and the Builders Association, the Chicago Area Independent Construction Association, the Chicago Area Rail Contractors Association, the Chicago Area Scaffolding Association, the Chicago Demolition Contractors' Association, the Concrete Contractors Association of Greater Chicago, the Contractors Association of Will and Grundy Counties, the Fox Valley Associated General Contractors, the Midwest Wall and Ceiling Contractors, the Illinois Environmental Contractors Association, the Illinois Road and Transportation Builders Association, the Illinois Small Pavers Association, the Lake County Contractors Association, the Mason Contractors Association of Greater Chicago, the Underground Contractors Association, and all other employer associations with whom the Union or its affiliated Local Unions have an agreement. If the applicable Collective Bargaining Agreement(s) expire during the term of this Agreement, any limitation on the right to strike shall also expire until a successor labor agreement has been established, which shall be incorporated retroactively herein. This Agreement supersedes all contrary terms in the applicable Collective Bargaining Agreement(s).

3. Total economic increase. The Employer shall pay its employees a total economic increase of $1.90 per hour effective June 1, 2013; $2.00 per hour effective June 1, 2014; $2.05 per hour effective June 1, 2015; and $2.10 per hour effective June 1, 2016, said amounts to be allocated between wages, fringe benefits and other funds by the Union in its sole discretion. Effective June 1, 2013, the minimum wage rate shall be $37.00 per hour.

4. Checkoff Deductions and Remittances. The Employer shall deduct from the wages of employees uniform initiation fees, assessments, membership dues, and working dues in such amounts as the Union shall from time to time establish, and shall remit monthly to the designated Union office the sums so deducted, together with an accurate list showing the employees from whom dues were deducted, the employees' individual hours, gross wages and deducted dues amounts for the monthly period, not later than the tenth (10th) day of the month following the month for which said deductions were made. If the Employer fails to timely remit any amounts to the Union or its affiliated fringe benefit funds that are required under this Agreement, it shall be obligated to the Union for all costs of collection, including attorney fees.

The Employer shall further deduct an amount designated by the Union for each hour that an employee receives wages under the terms of this Agreement on the basis of individually signed voluntary authorized deduction forms and shall pay over the amount so deducted to the Laborers' Political League ("LPL") or to a designated appointee, not later than the 10th day of the month next following the month for which such deductions were made. LPL remittances shall include a report of the hours worked by each Laborer for whom deductions are made. Remittances shall be made by a separate check payable to the Laborers' Political League. The Employer shall be paid a processing fee each month from the total amount to be transmitted to the LPL to be calculated at the Illinois Department of Revenue or other applicable standard.

5. Work Jurisdiction. This Agreement covers all work within the applicable Collective Bargaining Agreements and all work within the Union's trade and geographic jurisdiction as set forth in the Union's Statement of Jurisdiction, as amended from time to time, which are incorporated by reference into this Agreement. The Employer shall assign all work described therein to its Union-represented Laborer employees and acknowledges the appropriateness of such assignment. Neither the Employer nor its work assignments as required under this Agreement shall be stipulated or otherwise subject to adjustment by any jurisdictional disputes board or mechanism except upon written notice by and direction of the Union.

6. Subcontracting. The Employer, whether acting as a contractor, general manager or developer, shall not contract or subcontract any covered work to be done at the site of construction, alteration, painting or repair of a building, structure or other work to any person, corporation or entity not signatory to and covered by a collective bargaining agreement with the Union. This obligation applies to all tiers of subcontractors performing work at the site of construction. The Employer shall further assume the obligations of all tiers of its subcontractors for prompt payment of employees' wages and other benefits required under this Agreement, including reasonable attorneys' fees incurred in enforcing the provisions hereof.

7. Fringe Benefits. The Employer agrees to pay the amounts that it is bound to pay under said Collective Bargaining Agreements to the Health and Welfare Department of The Construction and General Laborers' District Council of Chicago and Vicinity, the Laborers' Pension Fund (including Laborers' Excess Benefit Funds), the Fox Valley Benefit Funds, the Construction and General Laborers' District Council of Chicago and Vicinity Apprentice and Training Trust Fund, the Chicago Area Laborers-Employers Cooperation Education Trust, the LDC/LMCC, and to all other designated Union-affiliated benefit and labor-management funds (the "Funds"), and to become bound by and be considered a party to the agreements and declarations of trust creating the Funds as if it had signed the original copies of the trust instruments and amendments thereto. The Employer further affirms that all prior contributions paid to the Welfare, Pension, Training and other Funds were made by duly authorized agents of the Employer at all proper rates, and evidence the Employer's intent to be bound by the trust agreements and Collective Bargaining Agreements in effect when the contributions were made, acknowledging the report form to be a sufficient instrument in writing to bind the Employer to the applicable collective bargaining agreements.

8. Contract Enforcement. All grievances filed by either party arising hereunder shall, at the Union's discretion, be submitted to the Chicago District Council Grievance Committee for final and binding disposition in lieu of another grievance committee, provided that deadlocked grievances shall be submitted to final and binding arbitration upon timely demand. Should the Employer fail to comply within ten (10) days with any binding grievance award, whether by grievance committee or arbitration, it shall be liable for all costs and legal fees incurred by the Union to enforce the award. Notwithstanding anything to the contrary, nothing herein shall limit the Union's right to strike or withdraw its members because of non-payment of wages and/or fringe benefit contributions, failure by the Employer to timely remit dues to the Union, or non-compliance with a binding grievance award. The Employer's violation of any provision of this paragraph will give the Union the right to take any other legal and economic action, including but not limited to all remedies at law or equity. It is expressly understood and agreed that the Union's right to take economic action is in addition to, and not in lieu of, its rights under the grievance procedures. Where necessary to correct contract violations, or where no acceptable steward is currently employed, the Union may appoint and place a steward from outside the workforce at all job sites.

9. Successors. In the event of any change in the ownership, management or operation of the Employer's business or substantially all of its assets, by sale or otherwise, it is agreed that as a condition of such sale or transfer that the new owner or manager, whether corporate or individual, shall be fully bound by the terms and conditions of this Agreement. The Employer shall provide no less than ten (10) days' prior written notice to the Union of the sale or transfer and shall be obligated for all expenses incurred by the Union to enforce the terms of this paragraph.

10. Termination. This Agreement shall remain in full force and effect from June 1, 2013 (unless dated differently below) through May 31, 2017, and shall continue thereafter unless there has been given written notice, by certified mail by either party hereto, received no less than sixty (60) nor more than ninety (90) days prior to the expiration date, of the desire to modify or amend this Agreement through negotiations. In the absence of such timely and proper notice the Employer and the Union agree to be bound by the new applicable association agreement(s), incorporating them into this Agreement and extending this Agreement for the life of the newly negotiated agreements, and thereafter for the duration of successive agreements, unless and until timely notice of termination is given not less than sixty (60) nor more than ninety (90) days prior to the expiration of each successive Collective Bargaining Agreement.

11. Execution. The signatory below warrants his or her receipt of the applicable Collective Bargaining Agreement(s) and authorization from the Employer to execute this Agreement, without fraud or duress, and with full knowledge of the obligations and undertakings contained herein. The parties acknowledge and accept facsimile signatures on this Agreement as if they were the original signatures.

Dated: __July 19__, 20__16__

**(Employer)** __U.S. Construction Services Inc.__

FEIN No.: __[redacted]__

**ACCEPTED:**
Laborers' Local Union No. __6__

By: __[signature]__

**CONSTRUCTION AND GENERAL LABORERS'**
**DISTRICT COUNCIL OF CHICAGO AND VICINITY**

By: __[signature]__
James P. Connolly, Business Manager

By: __[signature]__
Charles LoVerde, Secretary-Treasurer

For Office Use Only: __CAICA *__

By: __John DiFoggio__
(Print Name and Title)

__[signature]__
(Signature)

__451 West Huron St Unit #1512__
(Address)

__Chicago IL 60654__
(City, State and Zip Code)

__630-333-6118__
(Telephone/Telefax)

__usservice.inc2015@gmail__
(Email Address)

Effective June 1, 2013      WHITE - LOCAL UNION    •    CANARY - TRUST FUND    •    PINK - DISTRICT COUNCIL    •    GOLD - EMPLOYER

EXHIBIT A

# RICHARD J. WOLF AND COMPANY, INC.

Post Office Box 591
Palos Park, Illinois 60464
(708) 923-0909
Fax (708) 923-0910

July 21, 2017

Board of Trustees
Pension and Welfare Funds of Construction and General
 Laborers' District Council of Chicago and Vicinity
11465 Cermak Road
Westchester, Illinois 60154

RE: US Construction Services Inc. (35603) – (REVISION)

We have applied certain procedures, as discussed below, to the payroll records of US Construction Services Inc., a contributing employer to the Pension and Welfare Funds of Construction and General Laborers' District Council of Chicago and Vicinity, for the period July 19, 2016 to February 28, 2017. The purpose of our inspection was to determine the accuracy of the employer's monthly contributions to the Trust Funds for the given period. The accuracy of the payroll records and reporting to the Funds is the responsibility of the [Employer].

The exceptions to employer contributions noted are detailed on the accompanying schedule. This was not a review of amounts owed for withdrawal liability under the Multi-employer Pension Plan Amendments Act.

| FUND | AMOUNT |
|---|---|
| WELFARE | $ 3,443.10 |
| RET WEL | 1,466.25 |
| PENSION | 3,991.65 |
| TRAINING | 172.50 |
| LECET | 35.35 |
| LMCC | 85.85 |
| CAICA | 40.40 |
| DUES | 761.29 |
| Sub Total | $ 9,996.39 |
| Previous late charges assessed to the Laborers' Pension and Welfare Funds | $ 848.81 |
| TOTAL | $ 10,845.20 |

The employer could not provide proof of a current wage and fringe benefit bond.



EXHIBIT B

The Scope of this engagement was limited to records made available by the employer and would not necessarily disclose all exceptions in employer contributions to the Trust Funds. Any compensation paid to employees not disclosed to us or made part of the written records was not determinable by us and was not included in our review. Further, our procedures did not extend to any financial statements of the contributing employer and were substantially less in scope than an audit of the financial statements of the contributing employer, the objective of which is the expression of an opinion on the contributing employer's financial statements. Accordingly, no such opinion is expressed.

The findings of this audit report should not be construed as an endorsement or ratification of any of the Employer's contribution practices. The findings are based solely on those documents that the Employer provided to the auditors. This firm has not been retained to provide, and does not provide, any interpretation of advice concerning any terms of the collective bargaining agreement between the Employer and the Union of the terms of the Funds' respective Agreement and Declarations of Trust. All questions concerning the Employer's contribution practices, or any contributions or benefits-related issue, should be directed to the Union or the Fund office. No failure to note an exception to any of the employer's contribution practices should be construed as a ratification of such practice or waiver of the Union or the Funds' ability to challenge such practice in the future.

These findings are not based on observation of employees doing actual work.

RICHARD J. WOLF AND COMPANY, INC.

7/21/2017

**LABORERS DISTRICT COUNCIL OF CHICAGO – CAICA ASSOCIATION**

**US CONSTRUCTION SERVICES, INC. #35603 - REVISION**

*ADDITIONAL HOURS and/or WORK DUES 6/16 - 5/17*

YEAR: 6/16 to 5/17

| S.S.# | Flags | Type | Jun | Jul | Aug | Sep | Oct | Nov | Dec | Jan | Feb | Mar | Apr | May | Total |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| HOLLAND, DESMOND | # | Hours | - | - | - | - | - | - | - | 192.00 | 153.00 | - | - | - | 345.00 |
| | | Gross $ | - | - | - | - | - | - | - | 7,713.40 | 6,150.60 | - | - | - | $ 13,869.00 |

| | Jun | Jul | Aug | Sep | Oct | Nov | Dec | Jan | Feb | Mar | Apr | May | Total |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| TOTAL HOURS | - | - | - | - | - | - | - | 192.00 | 153.00 | - | - | - | 345.00 |
| TOTAL GROSS $ | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $7,718.40 | $6,150.60 | $ - | $ - | $ - | $13,669.00 |

| Amount Due To Funds: | Jun | Jul | Aug | Sep | Oct | Nov | Dec | Jan | Feb | Mar | Apr | May | Total |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| WELFARE | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $1,916.16 | $1,526.94 | $ - | $ - | $ - | $3,443.10 |
| RET WEL | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ 816.00 | $ 650.25 | $ - | $ - | $ - | $1,466.25 |
| PENSION | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $2,221.44 | $1,770.21 | $ - | $ - | $ - | $3,991.65 |
| TRAINING | $ - | $ - | $ - | $ - | $ - | $ - | $ - | 96.00 | 76.50 | $ - | $ - | $ - | 172.50 |
| LECET | $ - | $ - | $ - | $ - | $ - | $ - | $ - | 13.44 | 10.71 | $ - | $ - | $ - | 24.15 |
| LMCC | $ - | $ - | $ - | $ - | $ - | $ - | $ - | 32.64 | 26.01 | $ - | $ - | $ - | 58.65 |
| CAICA | $ - | $ - | $ - | $ - | $ - | $ - | $ - | 15.36 | 12.24 | $ - | $ - | $ - | 27.60 |
| DUES | $ - | $ - | $ - | $ - | $ - | $ - | $ - | 289.44 | 230.65 | $ - | $ - | $ - | 520.09 |
| TOTAL | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $5,400.48 | $4,303.51 | $ - | $ - | $ - | $9,703.99 |

| Rates: | 6/1/16 | to | 5/31/17 |
|---|---|---|---|
| WELFARE | 9.98 | LMCC | 0.17 |
| PENSION | 11.57 | CAICA | 0.08 |
| TRAINING | 0.50 | DUES | 3.75% |
| LECET | 0.07 | RET WEL | 4.25 |

7/21/2017

Page 2 of 4

## LABORERS DISTRICT COUNCIL OF CHICAGO -- CAICA ASSOCIATION
## US CONSTRUCTION SERVICES, INC. # 35603 - REVISION

ADDITIONAL HOURS - LECET - LMCC - CAICA and/or WORK DUES 6/16 - 5/17

**YEAR: 6/16 to 5/17**

| S.S. # | Flags | Type | Jun | Jul | Aug | Sep | Oct | Nov | Dec | Jan | Feb | Mar | Apr | May | Total |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| DEGUIDO, DEAN | # | Hours | - | 80.00 | - | - | - | - | - | - | - | - | - | - | 80.00 |
|  |  | Gross $ | - | 3,216.00 | - | - | - | - | - | - | - | - | - | - | $ 3,216.00 |
| SERPICO, JOSEPH | # | Hours | - | 80.00 | - | - | - | - | - | - | - | - | - | - | 80.00 |
|  |  | Gross $ | - | 3,216.00 | - | - | - | - | - | - | - | - | - | - | $ 3,216.00 |

| TOTAL HOURS | - | 160.00 | - | - | - | - | - | - | - | - | - | - | 160.00 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| TOTAL GROSS $ | $ - | $ 6,432.00 | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ 6,432.00 |

**Amount Due To Funds:**

|  | Jun | Jul | Aug | Sep | Oct | Nov | Dec | Jan | Feb | Mar | Apr | May | Total |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| LECET | $ - | $ 11.20 | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ 11.20 |
| LMCC | $ - | $ 27.20 | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ 27.20 |
| CAICA | $ - | $ 12.80 | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ 12.80 |
| DUES | $ - | $ 241.20 | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ 241.20 |
| TOTAL | $ - | $ 292.40 | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ 292.40 |

| Rates: | 6/1/16 | to | 5/31/17 |
|---|---|---|---|
| WELFARE |  | LMCC | 0.17 |
| PENSION |  | CAICA | 0.08 |
| TRAINING |  | DUES | 3.75% |
| LECET | 0.07 | RET WEL |  |

Fax from : 17089477295    LABORS FIELD DEPT    09-15-17 10:46a   Pg: 9
Case: 1:17-cv-06798 Document #: 1 Filed: 09/20/17 Page 14 of 16 PageID #:14

Page 3 of 4

7/21/2017
MPO

# LABORERS DISTRICT COUNCIL OF CHICAGO – CAICA ASSOCIATION

## US CONSTRUCTION SERVICES, INC. #35603 - REVISION

### RICHARD J. WOLF AND COMPANY, INC.

### SUMMARY REPORT TOTAL

|  | ADDITIONAL | UNREPORTED | TOTAL |
|---|---|---|---|
| WELFARE | $ 3,443.10 | $ - | $ 3,443.10 |
| RET WEL | $ 1,466.25 | $ - | $ 1,466.25 |
| PENSION | $ 3,991.65 | $ - | $ 3,991.65 |
| TRAINING | $ 172.50 | $ - | $ 172.50 |
| LECET | $ 35.35 | $ - | $ 35.35 |
| LMCC | $ 85.85 | $ - | $ 85.85 |
| CAICA | $ 40.40 | $ - | $ 40.40 |
| DUES | $ 761.29 | $ - | $ 761.29 |
| TOTAL | $ 9,996.39 | $ - | $ 9,996.39 |

7/21/2017
MPO

Page 4 of 4

**LABORERS DISTRICT COUNCIL OF CHICAGO – CAICA ASSOCIATION**

US CONSTRUCTION SERVICES, INC. #35603 - REVISION

RICHARD J. WOLF AND COMPANY, INC.

** GRAND TOTAL **

| | | |
|---|---|---:|
| WELFARE | $ | 3,443.10 |
| RET WEL | $ | 1,466.25 |
| PENSION | $ | 3,991.65 |
| TRAINING | $ | 172.50 |
| LECET | $ | 35.35 |
| LMCC | $ | 85.85 |
| CAICA | $ | 40.40 |
| DUES | $ | 761.29 |
| TOTAL | $ | 9,996.39 |

9/20/17

# LABORERS' PENSION & WELFARE FUNDS

**AUDIT** 7/19/2016/2/28/2017

**EMPLOYER** US CONSTRUCTION SERVICES INC

**FIELD REP** MC

**CODE** 35603

FOLLOWING ARE THE FIGURES OWED BY THE ABOVE MENTIONED CONTRACTOR AS A RESULT OF THE AUDIT.

| ADDITIONAL HOURS | HOURS | WELFARE | RATE | RETIREE WELFARE | RATE | PENSION | RATE | TRAINING FUND | RATE | DUES | LDCLMCC | RATE | CAICA | RATE | LECET | RATE | TOTAL |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 6-1-2016-5-31-2017 | 345.00 | 3,443.10 | 9.98 | 1,466.25 | 4.25 | 3,991.65 | 11.57 | 172.50 | 0.50 | 520.09 | 58.65 | 0.17 | 27.60 | 0.08 | 24.15 | 0.07 | 9,703.99 |
| 6-1-2016-5-31-2017 | 160.00 | | | | | | | | | 241.20 | 27.20 | 0.17 | 12.80 | 0.08 | 11.20 | 0.07 | 292.40 |
| MEN NOT REPORTED | | | | | | | | | | | | | | | | | |
| SUBTOTAL | 505.00 | 3,443.10 | | 1,466.25 | | 3,991.65 | | 172.50 | | 761.29 | 85.85 | | 40.40 | | 35.35 | | 9,996.39 |
| 10% LIQUIDATED DAMAGES | | | | | | | | | | | | | | | | | 923.31 |
| 20% LIQUIDATED DAMAGES | | 688.62 | | 293.25 | | 798.33 | | 34.50 | | 76.13 | 8.59 | | 4.04 | | 3.54 | | 1,814.00 |
| AUDIT COSTS | | 204.00 | | 198.00 | | 198.00 | | | | | | | | | | | 600.00 |
| ATTORNEY FEES | | | | | | | | | | | | | | | | | |
| ACCUM. LIQUIDATED DAMAGES | | 328.34 | | 139.82 | | 380.65 | | | | | | | | | | | 848.81 |
| ACCUM. INTEREST | | 165.04 | | 70.28 | | 191.34 | | 8.27 | | | 2.81 | | 1.26 | | 1.16 | | 440.16 |
| TOTAL DUE | | 4,829.10 | | 2,167.60 | | 5,559.97 | | 215.27 | | 837.42 | 97.25 | | 45.70 | | 40.05 | | 13,792.36 |